

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

**JOYCE LONEY**

**Plaintiff,**

**vs.**

**STUART PARKER, CEO AND**
**USAA FEDERAL SAVINGS BANK**

**Defendant's,**

## COMPLAINT FOR TCPA DAMAGES

## JURY TRIAL DEMANDED

1.      JOYCE LONEY (Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of STUART PARKER ("defendant's SP") and USAA FEDERAL SAVINGS BANK ("defendant's USAA") (collectively "defendant's"), in negligently and/or willfully contacting Plaintiff on Plaintiff's residential telephone 336-352-3571, cellular telephone number 910-933-4665 and cellular telephone number 910-470-1500, all calls were routed to cellular telephone number 910-470-1500, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself. Plaintiffs telephones were listed on the DO NOT CALL LIST.

2.      The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA. Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

3.      And enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that —[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.   TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.      Congress also specifically found that —the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call….l Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

5.      As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co.*, LLC, 679 F.3d 637, 638 (7th Cir. 2012).

*Forrest v. Genpact Servs.*, LLC, 3:12-CV-2249, 2013 WL 4516479 (M.D. Pa. Aug. 26, 2013) WL 4516479 (M.D. Pa. Aug. 26, 2013), the United States District Court for the Middle District of Pennsylvania held that a plaintiff bringing a Telephone Consumer Protection Act ("TCPA") claim under 47 U.S.C. § 227(b)(1)(A) is not required to allege that she actually answered the phone calls placed to her cellular telephone.

Defendant Genpact Services, LLC, admitted to calling Plaintiff's cellular telephone over 225 times in a 54-day period using an automatic telephone dialing system. Plaintiff brought a TCPA claim against Defendant for placing these calls to her cellular telephone without her consent. Defendant moved to dismiss the TCPA action, arguing that Plaintiff failed to specifically allege in her complaint that she answered the phone calls. A claim under 47 U.S.C. § 227(b)(1)(A)(iii) has three elements: (1) "to make a call (other than a call made for emergency purposes or made with the prior express consent of the called party);" (2) using any automatic telephone dialing system or an artificial or prerecorded voice;" and (3) "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." The Court held that the pleading elements do not require Plaintiff to allege that she answered the phone calls placed to her cellular telephone. In finding that Plaintiff set forth a cause of action under the TCPA, the Court held that the determination as to whether Plaintiff answered the phone calls is best addressed after discovery has been completed. While punting on the issue as to whether section 227(b)(1)(A)(iii) distinguishes between answered and unanswered calls, the

Court noted that the Ninth Circuit Court of Appeals, in defining the phrase "to make any call" under 47 U.S.C. § 227(b)(1)(A), determined this includes "to communicate with or try to get into communication with a person by a telephone."

*Castro v. Green Tree Serv.*, 2013 WL 4105196 (S.D.N.Y. Aug. 14, 2013).

*Fillichio v. M.R.S. Associates, Inc.,* 2010 WL 4261442 (S.D. Fla. Oct. 19, 2010).

## JURISDICTION AND VENUE

6.     This Court has jurisdiction because this case arises out of violations of state and federal law. NCGA § 75-104 et seq, 47 U.S.C. §227(b); Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012).

7.     Venue is proper in this Court, Brunswick County of North Carolina. Plaintiffs current residence pursuant to 18 U.S.C. § 1391(b)(2), these events or omissions giving rise to Plaintiff's claims occurred in the State of North Carolina.

## PARTIES

8.     Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of North Carolina.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

9.     Plaintiff is informed and believes, and thereon alleges, that defendant's ("USAA"), and at all times mentioned herein was, a corporation whose State of Incorporation and principal place of business is in the State of Texas.  defendant's ("USAA"), is and at all times mentioned herein was, a corporation and is a "person", as defined by 47 U.S.C. § 153 (38).  Plaintiff alleges that at all times relevant herein Defendants ("USAA") conducted business in the State of North Carolina  and in the Counties of Surry and Brunswick, within this judicial district.

10.     Plaintiff is informed and believes, and thereon alleges, that defendant's ("USAA") is, and at all times mentioned herein was, a corporation whose State of Incorporation and principal place of business is in the State of Texas. defendant's ("USAA"), is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Defendants ("USAA") conducted business in the State of North Carolina and in the Counties of Surry and Brunswick within this judicial district.

## **FACTUAL ALLEGATIONS**

11.     On or about November 01, 2014, defendant's started calling Plaintiff's residential telephone ending in 3571 and those calls were forwarded to Plaintiff's cellular telephone ending in 1500, Defendants called Plaintiffs second cellular telephone ending in 4665 and those calls were forwarded to Plaintiff's cellular telephone ending in 1500.

12.     Defendant's called Plaintiff 271 times over a 60 day time frame, 47 of those calls were placed are after 9 p.m., while Plaintiff did not answer these calls in particular, the other instances where Plaintiff answered defendant's' calls resulted in Plaintiff hearing a long pause then defendant's hung up. Plaintiff believes that a subpoena of Defendant's telephone calls to Plaintiff could show more calls that Defendant furnished. see EXHIBIT- A(1-5).

13.     Plaintiff was a customer of defendant's ("USAA"). Plaintiff revoked defendant's permission to call her telephones by voice, fax and several certified letters on or about November 01, 2015 thru January 21, 2015.

14.     Defendants' placed the above cited calls using an artificial or prerecorded voice to deliver messages to Plaintiff regarding Plaintiffs accounts with defendant's after permission to call her was revoked.

15. All calls placed by Defendants to Plaintiff utilized an "automatic telephone dialing system" ("ATDSl") as defined by 47 U.S.C. § 227(a)(1).

16. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. These calls made by Defendants to Plaintiff's landline and cellular telephone utilized an artificial or prerecorded voice (see 47 U.S.C. § 227(b)(1)(B)).

18. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(B).

19. These telephone calls by Defendants and their agents, violated 47 U.S.C. § 227(b)(1)(B).

## ALLEGATIONS

20. Plaintiff brings this action on behalf of herself.

21. Plaintiff suffered abuse from Defendant's' by repeatedly using an automatic telephone dialing system or prerecorded or artificial voice to call her landline and cellular telephones without her consent.

22. Defendants and their employees or agents are not excluded from this Complaint.

23. Plaintiff has been harmed by the acts of Defendants in at least the following ways: defendant's either directly or through their agents, illegally contacting Plaintiff at her residential telephones, using an artificial or prerecorded voice, thereby invading the privacy of Plaintiff and her to be free of unwanted calls at her private residences.

24.     Plaintiff reserves the right to expand to a Class Action seeking recovery on behalf of additional persons as warranted and as facts are learned in further investigation and discovery.

25.     If Plaintiff seeks Class Action The joinder of the Class members is practical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through defendant's records or their agents records.

26.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate questions which may affect individual Class members.

### FIRST CAUSE OF ACTION NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.
### (Against All defendants)

27.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The foregoing acts and omissions of defendant's ("USAA") and ("SP") constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

29.     As a result of defendant's ("USAA") and ("SP") negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

**(Against All Defendant's)**

30.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.    The foregoing acts and omissions of ("USAA") and ("SP") constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

32. As a result of defendant's ("USAA") and ("SP") knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

33. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants ("USAA") and ("SP"):

**FIRST CAUSE OF ACTION**
**FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

As a result of defendant's ("USAA") and ("SP") negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA,
## 47 U.S.C. § 227 ET SEQ.

As a result of defendant's ("USAA") and ("SP") willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

Any other relief the Court may deem just and proper.

## THIRD CAUSE OF ACTION
## FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA,
## TRIAL BY JURY

34.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby does demand a trial by jury.

Dated: February 05, 2016

By:

Joyce Loney

103 SE 54th ST

Oak Island, NC 28465

910-477-2757

jloney2012@gmail.com

Respectfully
Submitted,

Joyce Loney
4/28/16

Phoney Business: Successful Caller ID Spoofing
Regulation Requires More Than the Truth in Caller ID
Act of 2009ãTɔ GG T ȝ ˌ '□ã ˌ ï'TTTÖG

Caller ID spoofing isn't illegal unless it's done with intent
to defraud or cause damage. In 2009 the U.S. passed the
Truth in Caller ID Act, which has made it illegal for any
person or company to use misleading caller ID infomation
for the purposes of fraud, harm, or to obtain anything of
**FACTUAL ALLEGATIONS NORTH CAROLINA
TCPA VIOLATIONS**value. Each violation carries a
penalty of up to $10,000.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT ON NORTH CAROLINA
### SOUTHERN DIVISION

#### 'court of record'

case no: 7:16-CV-00024-FL

| | |
|---|---|
| **i, woman: Joyce Loney** | **Nature of case: claim** |
| claimant, private procescutor | claim:trespass; tcpa |
| _____ | (verified) |
| a, man: Stuart Parker, CEO | |

i, require: a "court of record': 'trial by jury':

#### claim: trespass TCPA violations

i, a woman, claim wrongdoer trespass by way of TCPA violations.

i require compensation of 271 calls, 1st call $500, 270 calls @ $500 = $135,000, treble charges $405,500.

i say here and will verify in open court that all herein be true.

Respectfully submitted this 28ᵗʰ day of apn , 20 16

Joyce Loney

910-477-2757

## VERIFICATION OF SERVICE

I hereby certify that I have this day served a true copy of the foregoing upon all parties and counsel by depositing a copy of the same in the United States Mail with adequate postage thereon to insure delivery addressed as follows:

Stuart Parker, CEO
USAA Federal Savings Bank
9800 Fredericksburg Rd
San Antonio, TX 78288

This $\underline{\hspace{1em}}$ day of $\underline{\hspace{2em}}$, 20$\underline{16}$